370 So.2d 10 (1979)
Dale CARSON, Etc., et al., Appellants,
v.
Richard Franklin MILLER, et al., Appellees.
No. 55220.
Supreme Court of Florida.
April 12, 1979.
Jim Smith, Atty. Gen., Gary L. Conover, Asst. Atty. Gen., Tallahassee, for appellants.
William J. Sheppard, Jacksonville, for appellees.
*11 PER CURIAM:
We have for resolution the following question certified from the Fifth Circuit Court of Appeals pursuant to section 25.031, Florida Statutes (1977), and Florida Rule of Appellate Procedure 9.510:
WHETHER THE RULE PROPOSED BY THE SECRETARY OF THE FLORIDA DEPARTMENT OF OFFENDER REHABILITATION COMPLIES WITH THE REQUIREMENTS OF SECTION 951.23(2)(b), FLORIDA STATUTES.
We hold that this question must be answered in the negative.
Section 951.23(2)(b) provides:
The Department of Offender Rehabilitation is ... directed to adopt rules and regulations prescribing standards and requirements with reference to ... the number of county and municipal prisoners who may be housed therein per specified unit of floor space....
Appellant Wainwright, Secretary of the Department of Offender Rehabilitation, asserts that rule 33-8.02(10) of the Florida Administrative Code satisfies the statute by requiring that
[t]he Secretary shall ascertain the maximum numbers of prisoners ... that can properly be housed in any detention facility... . The Officer-in-Charge ... shall thereafter insure that the actual prisoner populations do not exceed such maximum numbers; provided, however, that the Secretary may authorize exceptions or modifications when in his opinion there is good cause for such action.
The assertion is untenable.
Section 951.23(2)(b) requires that "standards and requirements" governing the density of detention populations be prescribed by rules adopted in the manner specified in section 120.54, Florida Statutes (1978 Supp.). The Department did not discharge its rulemaking duty by delegating to the Secretary authority to "ascertain" proper housing capacities of the state's detention facilities. We have consistently held that unambiguous statutory language must be accorded its plain meaning. Thayer v. State, 335 So.2d 815 (Fla. 1976); McDonald v. Roland, 65 So.2d 12 (Fla. 1953); A.R. Douglass, Inc. v. McRainey, 102 Fla. 1141, 137 So. 157 (1931); Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693 (1918).
In carrying out its rulemaking duty, the Department is not obliged to establish a single uniform square footage requirement for all existing county and municipal detention facilities, without regard for variables such as cell sizes, dayroom sizes, recreational area sizes, open cell block areas, individual cell block areas, or common open areas. Section 951.23(2)(b) requires the promulgation of "standards" which are determinative of population densities in varying situations, and the choice of a particular scheme satisfying the statute is left to the Department, to whose action this Court would accord a strong presumption of regularity. See Florida Citrus Commission v. Gift, Inc., 91 So.2d 657 (Fla. 1956). Yet plainly the Department must act by rules.
Rule 33-8.02(10), as proposed by the Secretary of Offender Rehabilitation, does not comply with the requirements of section 951.23(2)(b), Florida Statutes (1977). The certified question posed by the Fifth Circuit Court of Appeals is answered in the negative.
It is so ordered.
ENGLAND, C.J., BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., and SMITH, Associate Justice, concur.
ADKINS, J., dissents.