Mr. J. Bert Grandoff County Attorney Hillsborough County
QUESTIONS:
1. Are the refund provisions contained in ss. 206.29, 206.50,206.625, and 206.64, F.S., applicable to the proceeds of the additional one cent tax levied locally pursuant to s. 336.021, F.S., in light of the fact that said refund provisions do not specifically reference the additional one penny tax levied locally but rather specifically refer to the proceeds of the statewide gas taxes levied pursuant to the terms of ch. 206?
2. If the answer to question 1 is in the affirmative, then:
 A. How do the refund formulas found in ss. 206.29, 206.50, 206.625, and 206.64 apply to the proceeds derived from the additional one cent tax levied locally?
 B. Is it necessary for the levying county to establish its own refund permit process or do permits issued to persons, firms, corporations or other entities under the terms of ch. 206 and Department of Revenue Rule 12B-5 entitle the holder to refunds of the proceeds of the additional one cent tax?
 C. When a person, firm, corporation, or other entity seeks a refund, does said person, firm, corporation or other entity make application to the levying county or to the Department of Revenue?
 D. If the person, firm, corporation, or other entity is to make application to the levying county, is said person, firm, corporation, or other entity bound by the statutory procedures contained in ch. 206 and Rule 12B-5 F.A.C. relative to the filing of application for refunds?
2. Those persons and entities described in and entitled to refunds of the state tax pursuant to ss. 206.29, 206.31, 206.50, 206.625
and 206.64, F.S., are entitled to refunds of the additional discretionary one cent tax imposed by a county under s.336.021(1), F.S. (1980 Supp.), in like manner and upon the terms and conditions as prescribed in ss. 206.29, 206.31, 206.50,206.625 and 206.64, F.S.; such refunds to be made by the county from the proceeds of the county levied tax returned to it by the state and in the county's possession.
3. Counties levying the additional tax on motor fuels and special fuels provided for in s. 336.021(1), F.S. (1980 Supp.), must establish their own procedures and processes and incidental forms to effectuate the refunds of the county levied tax mandated by s.336.021(1). Affected counties may adopt refunding procedures and forms employed by the Department of Revenue in making refunds of state taxes as provided for in ch. 206, F.S., with such modifications thereof as may be necessary to conform the same to local conditions and practices and the governing county budgetary and fiscal laws.
4. Those persons and entities entitled to a refund of the county levied additional tax must make application therefor to the county levying the additional tax, and not to the Department of Revenue.
5. Applicants for refunds of the county levied additional tax must comply with the terms and conditions of such refund procedures and incidental forms and reports as may be duly established by a county levying such additional tax, and neither the county nor those persons or entities entitled to refunds of the county levied tax are bound by the procedures relating to the filing of applications for refunds of state taxes set forth in various sections of ch. 206, F.S., or in the rules of the Department of Revenue published in the Florida Administrative Code.
SUMMARY:
1. The provisions for refund provided in ss. 206.31, 206.50,206.625 and 206.64, F.S., are by the terms of s. 336.021(1), F.S. (1980 Supp.), made applicable to the proceeds of the additional discretionary tax levied by a county upon every gallon of motor fuel and special fuel sold in the levying county and taxable under ch. 206, F.S., as provided in s. 336.021(1).
AS TO QUESTION 1:
A well-recognized rule of statutory construction is that where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for resort to the rules of statutory interpretation. Biddle v. State Beverage Department,187 So.2d 65 (4 D.C.A. Fla., 1966); 2A Sutherland StatutoryConstruction, s. 46.01 (C. Sands 4th rev. ed. 1972). The plain language of s. 336.021(1), F.S. (1980 Supp.), states that the designated refund provisions contained in ch. 206, F.S., are applicable to the additional one cent tax levied by any county upon every gallon of motor fuel and special fuel sold in the county and taxed under the provisions of ch. 206. Section336.021(1), as amended by ch. 80-397, Laws of Florida, specifically states that `[t]he provisions for refund provided in ss. 206.29, 206.50, 206.625 and 206.64 shall be applicable to such tax levied by any county, and the refunds shall be paid by the county from the tax returned to it.' Although there is no occasion to resort to the title of ch. 80-397 to ascertain the legislative intent, in this regard, I note that the title of the Act provides `that refunds shall be paid by the county from the tax returned to it.' The Act must be given its plain and obvious meaning. See,e.g., Carson v. Miller, 370 So.2d 10, 11 (Fla. 1979).
Thus the provisions for refund provided in the several sections enumerated in s. 336.021(1), F.S. (1980 Supp.), are applicable to the proceeds of the additional discretionary one cent tax imposed by a county thereunder.
AS TO QUESTION 2A:
Chapter 80-397, Laws of Florida, does not provide any specific legislative direction as to the application of the refund `formulas,' as distinguished from `provisions for refund,' found in ss. 206.29, 206.50, 206.625 and 206.64, F.S. Chapter 80-397, Laws of Florida, does not specifically refer to s. 206.31, providing for a refund of the first gas tax to any person using any motor fuel for a city transit system, but it is clear from the reference to s. 206.29 entitled `[r]efunds to city transit companies; definitions' and which defines `city transit system,' that the provisions for refund on fuel used for city transit systems contained within s. 206.31 were within the contemplation of the legislation.
Both the title and the body of ch. 80-397, supra, make it clear that the refunds in question are to be paid by a county imposing the additional discretionary one cent tax on motor and special fuels from the tax returned by the state to such county. It follows then that those persons and entities described in and entitled to refunds of the state tax pursuant to ss. 206.29, 206.31, 206.50, 206.625 and 206.64, F.S., are entitled to refunds of the additional discretionary one cent tax imposed by a county in like manner and upon the terms and conditions as prescribed in those sections. Otherwise, no effect can be given to the provisions for refund provided for in s. 336.021(1), F.S. (1980 Supp.).
Section 206.31, F.S., entitles any person who uses any motor fuel for a city transit system (as defined by s. 206.29(1), F.S.), on which taxes imposed by ch. 206 have been paid to a refund of the first gas tax. Since the provisions for refund contained in s. 206.31 (read with s. 206.29(1), F.S.) are, by the terms of s.336.021(1), F.S. (1980 Supp.), made applicable to the additional discretionary one cent tax levied by the county and to be paid by the county from the proceeds of such tax returned to it by the state, the persons paying such county discretionary tax on fuels used for a city transit system are entitled to a refund of the county levied additional one cent tax. Such refunds are to be made by the county from the proceeds or receipts of the county discretionary tax in its possession.
Section 206.50, F.S., entitles licensed retail gasoline dealers to a refund of two percent of the first gas tax paid to the state on motor fuel purchased by such retail dealers to cover losses due to evaporation and shrinkage of such motor fuel, subject to the conditions set forth in ss. 206.51-206.55, F.S. Section 336.02(1), F.S. (1980 Supp.), makes this refund provision applicable to the additional tax levied by the county and directs such refunds be paid by the county from the proceeds of the additional county levied tax returned to the county by the state. Therefore, currently and duly licensed retail gasoline dealers are entitled to a refund of two percent of the county levied additional one cent tax on the motor fuel purchased by such retail dealers for evaporation and shrinkage. Such refunds are to be made by the county from the proceeds of the county levied additional tax returned to it by the state and in the county's possession.
Section 206.625(1), F.S., provides that the first gas tax (as defined by s. 206.41(4)(a), F.S.), and the additional seventh cent tax (described in and imposed by s. 206.60, F.S.), resulting from the collections of such taxes paid by a municipality on gasoline for use in a motor vehicle operated by it shall be returned to its governing body for the purposes therein prescribed. Section336.021(1), F.S. (1980 Supp.), in effect, operates to direct the return to affected municipalities by the county of the additional one cent tax levied by the county resulting from the collection of such additional tax paid by such municipalities on gasoline for use in motor vehicles operated by such municipalities. The return or refund of such county levied additional tax is to be made by the county out of the receipts of the county levied additional tax returned to it by the state and in its possession.
Section 206.64, F.S., entitles any person who uses any motor fuel for agricultural or commercial fishing purposes on which the tax imposed by part I of ch. 206, F.S., has been paid to a refund of the first gas tax (as defined by s. 206.41(4)(a), F.S.), and the additional eighth cent tax (as described in and imposed by s.206.605, F.S.). No refund is authorized for purchases of less than 26 gallons at any one time, and no refund is authorized unless the amount due is for $5 or more in any twelve-month period. Since s.336.021(1), F.S. (1980 Supp.), makes this refund provision applicable to the additional one cent tax levied by the county and commands that the refund provided for be paid by the county from the proceeds of the county levied additional tax returned to the county by the state, those persons designated in s. 206.64 and paying the county levied additional tax on motor fuel used for agricultural or commercial fishing purposes are, subject to the limitations set forth in s. 206.64, entitled to a refund of the county levied additional tax. Such refund is required to be made by the county from the proceeds of the county levied additional tax returned to it by the state and in its possession.
AS TO QUESTION 2B:
While s. 336.021(1), F.S. (1980 Supp.), in effect, requires the county levied additional one cent tax on motor fuel and special fuel sold in a county to be collected by the state through the Department of Revenue and by that department returned to the county where collected on a monthly basis, it specially directs that the refunds in question be paid by the county from the tax returned to it. The statute imposes no duty on the department to administer or process or authorize or provide for the payment of such refunds. The forms, reports and rules provided for in s.336.021(2), F.S. (1980 Supp.), have to do with the collection and enforcement of the county levied additional tax and its distribution or return to the county or counties where collected by the state. Other sections of ch. 206 listed in s. 336.021(2), also apply and relate to the administration and collection and enforcement of the county levied additional tax but they do not apply to or provide for the authorized refunds of such county levied tax or the refunding procedures or processes to be utilized in making the refunds of the county levied additional tax in question. Since the affected counties are required to make such refunds from the proceeds of the county levied tax in their possession and the statute fails to prescribe any procedures therefor, it follows then that affected counties must establish their own procedures and processes to effectuate the refunds mandated by s. 336.021(1). The county may adopt the refunding procedures and processes and forms employed by the Department of Revenue in making refunds of state taxes provided for in ss. 206.31, 206.50, 206.625 and 206.64, F.S., with such modifications as may be necessary to conform such refund procedures and forms to local conditions and practices and the governing fiscal laws controlling the county budget and financial matters. Rule 12B-5.13(4), F.A.C., provides that upon the request of a county levying the additional tax, the Department of Revenue will furnish any information it may have in its file which may be of value to a county in making the refunds as provided in s. 336.021. However, s. 336.021 makes no provision for the deduction or withholding of any fees or service charges from any refunds made by the county upon the application of persons entitled thereto pursuant to ss. 206.29, 206.31, 206.50, 206.625 and 206.64 F.S., and does not authorize the county to fix and collect any such fees for administering such refunds. Public officers may collect fees and charges for services rendered only when and to the extent authorized by law and when no compensation is statutorily provided, the service is deemed to be gratuitous. See, e.g., AGO's 079-8 and 079-59 and authorities cited and discussed therein.
AS TO QUESTION 2C:
As indicated in my response to Question 2B and based on the reasoning therein, I conclude that when any person or entity entitled to a refund of the county levied additional tax applies for a refund of such tax, such person or entity is required to make application therefor to the county levying such tax, and not to the Department of Revenue.
AS TO QUESTION 2D:
Section 336.021, F.S. (1980 Supp.), does not purport to incorporate the several sections of ch. 206, F.S., or the rules of Department of Revenue relating to the filing of applications for refunds or the procedures governing such applications or to bind the levying county or the persons or entities entitled to refunds of the county levied tax to the procedures prescribed therein or the fiscal basis or periods therein provided for in connection with such applications for and the refunding of the county levied tax.
In view of the laws governing the county budget system (see
ch. 129 and s. 339.083, F.S.) and financial management and reporting (see part III of ch. 218, F.S.), and the conclusions hereinbefore reached to the effect that affected counties must establish their own procedures and processes to effectuate the refunds mandated by s. 336.021(1), F.S. (1980 Supp.), and that applications or claims for such refunds must be made to or filed with the county levying the additional tax, I have the view that applicants for such refunds must comply with the terms and conditions of such refund procedures and incidental forms and reports as may be duly established by a county levying the additional tax, and neither the county nor those persons or entities entitled to refunds of the county levied additional tax are bound by the procedures relating to the filing of applications for refunds of state taxes set forth in various sections of ch. 206, F.S., or in the rules of the Department of Revenue published in the Florida Administrative Code. As indicated in the response to Question 2B, the county may adopt such procedures and incidental forms and rules of the Department of Revenue with such modifications thereof as it may deem necessary to conform the same to local conditions and practices and the governing budgetary and fiscal laws.
Prepared by: John Browdy, III, Assistant Attorney General