## FLORIDA PARAPLEGIC ASSOCIATION, INC. v. METROPOLITAN DADE COUNTY BOARD OF RULES AND APPEALS

### Case No. 83-319-AP

Eleventh Judicial Circuit, Appellate Division, Dade County

September 20, 1984

#### APPEARANCES OF COUNSEL

**Law Offices of Alan Eichenbaum** for petitioner.

**Robert A. Ginsburg,** Dade County Attorney, and **Jay W. Williams,** Assistant County Attorney, for respondent.

Before LANTZ, TENDRICH, WETHERINGTON, JJ.

#### OPINION OF THE COURT

GERALD T. WETHERINGTON, Judge.

In response to appellant's motion for rehearing, the original opinion issued herein on June 11, 1984 is withdrawn and the following opinion is substituted therefore. Appellee's motion for rehearing is denied.

Appellant, Florida Paraplegic Association, appeals from a decision of appellee, Metropolitan Dade County, Board of Rules and Appeals

(Board) rendered on September 12, 1983. The effect of that decision was to approve the continued use and occupancy of a commercial establishment known as Mr. Clyde's Restaurant and Bar (Mr. Clyde's). This court must reverse the decision of the Board. Since Mr. Clyde's has an elevated bar area not accessible to the physically handicapped, that structure fails to conform to Section 5.5.2 of ANSI A117.1 as adopted in the 1979 Edition of the South Florida Building Code, which mandates that all of the floor area of a commercial establishment be level or ramped. Any attempt by the board to interpret this provision so as to establish a 75/25 formula for accessibility is improper as applied to the instant case.

Part VI of Ch. 553, Florida Statutes, is known as the Florida Building Codes Act. The purpose and intent of this act is to provide a mechanism for the promulgation, adoption and enforcement of state minimum building codes which contain standards "flexible enough to cover all phases of construction and which allow reasonable protection for public safety, health and general welfare for all people of Florida at the most reasonable cost to the consumer". Section 553.72, Florida Statutes. Local governments are required to adopt a building code which shall cover all types of construction. Section 553.73(1)(a), Florida Statutes. Dade County has adopted the South Florida Building Code to govern construction throughout Dade County, Florida. Dade County Code, Section 8-1.

At the time the Board rendered its decision, the 1979 edition of the SFBC was in force and effect. Section 515.1(a) of that edition of the SFBC specifically adopts the mandatory portions of "the American National Standard 'Specification for Making Building and Facilities Accessible to and Usable by the Physically Handicapped' ", i.e., ANSI A117.1 (1971), with certain exceptions set forth in section 515 of the SFBC. Section 515.1(a), SFBC also adopts Part V of Chapter 553 (Sections 553.45–553.49), Florida Statutes, as a "minimum required standard" concerning accessibility by physically handicapped persons. Part V of Chapter 553, in Section 553.48(2)(1), itself adopts the mandatory portions of ANSI A117.1, with certain exceptions similar to those contained in Section 515 of the SFBC.[1] None of the exceptions to the mandatory portions of ANSI A117.1 referred to above are applicable to the instant appeal.

---

[1] This legislative provision was adopted effective October 1, 1974. Section 553.48(2)(1) adopted ANSI A117.1 as it existed on a specified date and did not automatically adopt any later modifications thereof. *Brazil v. Division of Administration,* 347 So.2d 755 (Fla. 1st DCA 1977).

**151**

The applicable mandatory provision of ANSI A117.1 is contained in Section 5.5.2 (1971) which states, in part, as follows:

Floors on a given story shall be of a common level throughout or be connected by a ramp in accordance with 5.1.1–5.1.6. . . . .

This court holds that the continued use and occupancy of Mr. Clyde's does not conform with the 1979 Edition of the SFBC since Mr. Clyde's has an elevated bar area inaccessible to the physically handicapped because not connected by a ramp to the remainder of the floor area.

The Board's adoption of "enforcement guidelines" creating a 75/25 formula for accessibility[2] cannot be used to justify Mr. Clyde's departure from the clear and unambiguous requirements of the Code.

The SFBC provides that the Board of Rules and Appeals was created for the purpose of enforcing the code and

to determine the suitability of alternative materials and types of construction (and) to provide for reasonable interpretation of provisions of this Code . . . SFBC Section 203

The Board, consequently, has the general power to make administrative interpretations of the SFBC under the language of Section 203 quoted above and under subsection 203(b) of the SFBC.

The Board may also interpret provisions of the code to cover a special case if it appears that provisions of the Code (a) do not definitely cover the point raised, (b) that the intent of the code is not clear, of (c) that ambiguity exists in the wording; but it shall have no authority to grant variances where the code is clear and specific. SFBC, Section 203.5(a)(1).

The law is clear that unambiguous statutory language must be accorded its plain meaning. *Carson v. Miller,* 370 So.2d 10 (Fla. 1979). Since the language of ANSI A117.1, Section 5.5.2 (1971) is clear and unambiguous, it cannot be interpreted by the Board under either its general power to interpret provisions of the Code or its power to interpret the Code in a special case. See *International Brotherhood of*

---

[2] In June of 1982, after public hearings, the Board promulgated the following interpretation of ANSI A117.1 Section 5.5.2 (1971): "Group G Occupancy buildings shall have a minimum of 75% of their net floor area accessible on each story. All public areas shall be accessible and be inclusive in the 75% net floor area minimum. Customer or client access areas, retail sales areas, i.e., those areas shall be included where the public at large frequent in a building to utilize the functional use for which it was intended."

*Electrical Workers v. Metropolitan Dade County Board of Rules and Appeals,* (Case No. 83-135-AP) (Cir. Ct. 11th Jud. Cir., August 17, 1983).

The Board's decision in the instant case is therefore reversed and the Board is directed to take action consistent with the requirements of this decision.

It is so ordered.

Lantz and Tendrich, J.J. concur.