Mr. Michael W. Connors Attorney for Village of Royal Palm Beach Post Office Drawer 024626 West Palm Beach, Florida 33402-4626
Dear Mr. Connors:
On behalf of the Village Council of the Village of Royal Palm Beach you have asked the following questions:
1. Is a navigable privately owned artificial canal a "water of the state" under Ch. 327, F.S., if such canal flows into a water body that is a "water of the state," for the purpose of authorizing regulation of activities thereon by a municipality pursuant to ss. 327.22 and 327.60(1), F.S.?
2. Is the answer to Question One different when the general public has obtained an easement by prescription to use the canal?
In sum:
1. Pursuant to ss. 327.22 and 327.60(1), F.S., a municipality may regulate the operation and equipment of resident vessels if the municipality expends funds for the patrol, regulation, and maintenance of waters within the municipality without regard to a determination that such waters within the city limits are "waters of the state."
2. In light of my answer to Question One, no response to your second question is necessary.
The subject of your questions is a privately owned canal, parts of which lie within the Village of Royal Palm Beach. According to your letter, the village contributes funds for the maintenance of this canal.
Your questions deal with the regulatory power provided by the "Florida Vessel Registration and Safety Law," Ch. 327, F.S. This chapter provides for the regulation of vessels and does not deal directly with issues of riparian or littoral rights. I must emphasize at the outset that this opinion is strictly limited to a consideration of a municipality's authority to regulate vessels and is not to be considered a comment on ownership of artificial waterbodies or regulation of activities other than those in Ch.327, F.S.[1]
Section 327.02(28), F.S., defining the phrase "[w]aters of this state" for purposes of regulation, provides that:
"Waters of this state" means any navigable waters of the United States within the territorial limits of this state, and the marginal sea adjacent to this state and the high seas when navigated as a part of a journey or ride to or from the shore of this state, and all the inland lakes, rivers, and canals under the jurisdiction of this state.
Thus, canals are only considered "[w]aters of this state" if they are "under the jurisdiction of this state."
However, s. 327.22(1), F.S., to which you have directed my attention, states that:
Nothing in this chapter shall be construed to prohibit any municipality or county that expends money for the patrol, regulation, and maintenance of any lakes, rivers, or waters and for other boating-related activities in such municipality or county from regulating vessels resident in such municipality or county. Any county and the municipalities located within the county may jointly regulate vessels.
This section does not limit or qualify municipal regulation thereunder to "waters of this state" but authorizes the regulation of vessels resident in the municipality under the conditions prescribed therein. It is a general rule of statutory construction that where the language of a statute is unambiguous, the clearly expressed intent must be given effect, and there is no room for construction.[2]
Further, s. 327.60(1), F.S., the other statute about which you are concerned, states that:
The provisions of ss. 327.01-327.11, 327.13-327.16, 327.18, 327.19, 327.28, 327.30-327.40, 327.44-327.51, 327.54, 327.56, and327.65 shall govern the operation, equipment, and all other matters relating thereto whenever any vessel shall be operated upon the waterways or when any activity regulated hereby shall take place thereon. Nothing in these sections shall be construed to prevent the adoption of any ordinance or local law relating to operation and equipment of vessels, except that no such ordinance or local law may apply to the Florida Intracoastal Waterway and except that such ordinances or local laws shall be operative only when they are not in conflict with this chapter or any amendments thereto or regulations thereunder. (e.s.)
Thus, municipal regulation of vessels under Ch. 327, F.S., is not exclusively dependent on a determination that the waters within the municipality's jurisdiction are "[w]aters of this state" pursuant to s. 327.02(28), F.S. Rather, ss. 327.22 and 327.60(1), F.S., recognizes the authority of municipalities to regulate the operation and equipment of vessels as prescribed by those sections.
In AGO 74-286 this office was asked what authority municipal officers have to enforce municipal ordinances dealing with watersafety. As discussed therein, Ch. 327, F.S.,[3] provides two methods whereby a municipality or a county may restrict traffic on the waterways within its jurisdiction: by establishing a restricted area pursuant to s. 327.46, F.S., in consultation and coordination with the Department of Natural Resources; and by enacting ordinances to regulate the operation of vessels upon the waterways within the jurisdiction of the legislative body.
Thus, pursuant to Ch. 327, F.S., a municipality possesses the authority to regulate vessels resident within its jurisdiction when the municipality expends money for the patrol, regulation, and maintenance of waters in the municipality. Such regulations may not conflict with Ch. 327, F.S., or any regulations promulgated thereunder, nor may any municipality adopt any ordinance which applies to the Florida Intracoastal Waterway.[4]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Compare, AGO 75-167 concluding that a municipality is without authority to regulate water traffic on an artificially created body of water which has remained private property. Unlike the instant situation in which the municipality is expending public funds for the operation and maintenance of the M-1 Canal, there is no indication in the earlier opinion that public funds were being used for such purposes.
[2] Fine v. Moran, 77 So. 533, 536 (Fla. 1917). And see, Carson v. Miller, 370 So.2d 10 (Fla. 1979) (the plain language of a statute must be read to mean what it says).
[3] Formerly Ch. 371, F.S.
[4] Cf., AGO 88-46 concluding that a municipality may not require boating licenses and impose fees therefor on all vessels operating within the city limits but stating that regulations restricting boat speeds within certain areas would appear to be authorized under Ch. 327, F.S.