Chief Brian K. Lock West Melbourne Police Department 90 East Court Street West Melbourne, Florida 32904
Dear Chief Lock:
You have asked for my opinion on substantially the following question:
May funds collected pursuant to s. 943.25(13), F.S., be expended for general education courses for law enforcement officers or is the expenditure of such funds limited to courses related to law enforcement?
In sum:
Funds collected pursuant to s. 943.25(13), F.S., may generally be expended only for courses and training related to law enforcement. However, to the extent that general education courses may be required for completion of a criminal justice degree program, s.943.25(13), F.S., would authorize the expenditure of funds for such courses.
You have asked whether "all courses taken at private institutions accredited by the Southern Association of Colleges and Schools applicable to a college degree in general studies [are] eligible for [funding pursuant to s. 943.25(13), F.S.]." In addition you have drawn my attention to the salary incentive program for full-time law enforcement officers set forth in s. 943.22, F.S.,[1] and suggest the salary incentive program as a justification for the payment of general education costs for law enforcement officers.
Section 943.25(13), F.S., provides that:
Municipalities and counties may assess an additional $2 for expenditures for criminal justice education degree programs and training courses, including basic recruit training, for their respective officers and employing agency support personnel, provided such education degree programs and training courses are approved by the employing agency administrator, on a form provided by the commission, for local funding.[2] (e.s.)
Thus, by its terms the statute specifically applies to training and degree programs and courses which relate to "criminal justice education."[3] While "criminal justice education" is not defined for purposes of s. 943.25(13), F.S., or elsewhere in Ch. 943, F.S., the Legislature appears to have distinguished between criminal justice training and general educational courses for law enforcement officers throughout this chapter.[4] Further, this subsection, as it was originally enacted, and its precursors,[5]
has been interpreted by this office as authorizing the expenditure of the funds collected thereunder only for criminal justice or law enforcement education.[6] However, I would note that the statute recognizes that these funds may be expended for courses which comprise "criminal justice education degree programs" and these programs may include requirements for the successful completion of certain general education courses. To the extent that an officer is participating in a criminal justice degree program and is required to complete certain general education courses to receive his or her degree in criminal justice, the funds collected pursuant to s. 943.25(13), F.S., may be expended therefore.
Thus, it is my opinion that the funds collected pursuant to s.943.25(13), F.S., may only be used for courses which relate directly to criminal justice education and training courses and may not be used to fund general education for law enforcement officers,[7] except in those instances where completion of general education courses is a requirement for successful completion of a criminal justice degree program.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] This program provides that law enforcement officers may be entitled to salary incentive payments for receiving college degrees. Section 943.22(1)(a), F.S., provides that an "[a]ccredited college, university, or community college" is "a college, university, or community college which has been accredited by the Southern Association of Colleges and Schools or another accrediting agency which is recognized by the State Board of Education for accreditation purposes."
[2] Section 943.25(13), F.S., goes on to provide that:
(a) Workshops, meetings, conferences, and conventions shall, on a form approved by the commission for use by the employing agency, be individually approved by the employing agency administrator prior to attendance. The form shall include, but not be limited to, a demonstration by the employing agency of the purpose of the workshop, meeting, conference, or convention; the direct relationship of the training to the officer's job; the direct benefits the officer and agency will receive; and all anticipated costs.
(b) The commission may inspect and copy the documentation of independent audits conducted of the municipalities and counties which make such assessments to ensure that such assessments have been made and that expenditures are in conformance with the requirements of this subsection and with other applicable procedures.
[3] See, Carson v. Miller, 370 So.2d 10 (Fla. 1979), and Phil's Yellow Taxi Co. v. Carter, 134 So.2d 230 (Fla. 1961), for the proposition that the plain language of a statute must be read to mean what it says.
[4] See, e.g., s. 943.14(1), F.S. ("Any training or educational courses which are taught in any criminal justice training school must first be approved in writing by the commission"); s.943.14(2), F.S., ("Any certificate or diploma . . . which relates to completion, graduation, or attendance in criminal justice training or educational subjects, or related matters, must be approved by the commission); s. 943.1701(1), F.S., ("The Division of Criminal Justice Standards and Training Commission . . . shall develop by rule uniform statewide policies and procedures to be incorporated into required courses of basic law enforcement training and continuing education").
[5] Section 943.25(13), F.S., was created by s. 8, Ch. 74-386, and originally designated s. 943.25(5), F.S. See also, s. 23.105, F.S. (1973), which was substantially carried forward as 943.25(5), F.S.
[6] See, AGO's 76-64, 74-134 and 73-284.
[7] This office has also recognized the independent responsibility of local governments to budget, appropriate, and account for these funds and their expenditure as prescribed by s. 943.25(13)(a) and (b), F.S. See, AGO 76-64.