Dear Mr. Higgs:
You ask substantially the following questions:
1) Does section 196.183(1), Florida Statutes, permit a taxpayer with multiple business locations to file separate returns for each site and receive the tangible personal property tax exemption for each return filed or is the taxpayer only entitled to one tangible personal property tax exemption per county?
2) If section 196.183(1), Florida Statutes, permits a taxpayer to receive only one tangible personal property tax exemption per county, may a business file multiple returns and thus receive multiple exemptions if its office locations are owned by different corporate entities?
Section 196.183, Florida Statutes, was enacted during the 2007B session of the Legislature.[1]
"Each tangible personal property tax return is eligible for anexemption from ad valorem taxation of up to $25,000 of assessed value. Asingle return must be filed for each site in the county where the ownerof tangible personal property transacts business. Owners of freestanding property placed at multiple sites, other than sites where the owner transacts business, must file a single return, including all such property located in the county. Freestanding property placed at multiple sites includes vending and amusement machines, LP/propane tanks, utility and cable company property, billboards, leased equipment, and similar property that is not customarily located in the offices, stores, or plants of the owner, but is placed throughout the county. Railroads, private carriers, and other companies assessed pursuant to s. 193.085
shall be allowed one $25,000 exemption for each county to which the value of their property is allocated." (e.s.)
The statute clearly states that a single return must be filed foreach site in the county where the owner of tangible personal property transacts business. In addition, the statute provides that each tangible personal property tax return is eligible for an exemption from ad valorem taxation of up to $25,000 of assessed value. The plain language of the statute, thus, indicates that the owner of tangible personal property is entitled to an exemption for each return filed for each site in the county where he or she transacts business.[2] The plain language of a statute must be read to mean what it says.[3]
The emergency rule adopted by the Department of Revenue (department) to implement the provisions of section 196.183, Florida Statutes, is consistent with such an interpretation. The 2007 legislation creating section 196.183 authorized the department to adopt emergency rules for the purpose of making necessary changes and preparations so that forms, methods, and data records, electronic or otherwise, were ready and in place for the change in the law.[4] Subsection (3) of Rule 12DER08-03, Florida Administrative Code, which addresses the tangible personal property exemption, recognizes those instances in which a single return for all personal property in the county is required to be filed and therefore only a single exemption may be granted:
"Section 196.183(1), F.S., specifically states that a single return must be filed, and therefore a single exemption granted, for allfreestanding equipment not located at the place where the ownertransacts business." (e.s.)
For sites where the owner transacts business, however, section196.183(1), Florida Statutes, requires that a return must be filedfor each site, and pursuant to the statute, an exemption is granted for each return. The statute, however, does not define the "site where the owner of tangible personal property transacts business." The department in subsection (4) of the emergency rule provides a definition:
"(a) The `site where the owner of tangible personal property transacts business' includes facilities where the business ships or receives goods, employees of the business are located, goods or equipment of the business are stored, goods or services of the business are produced, manufactured or developed, or similar facilities located in offices, stores, warehouses, plants or other locations of the business.
Section 196.183(1), F.S., specifically states that not considered a `site where the owner of tangible personal property transacts business' are sites where freestanding property, placed at multiple sites in a county, is located. Freestanding property placed at multiple sites includes vending and amusement machines, LP/propane tanks, utility and cable company property, billboards, leased equipment, and similar property that is not customarily located in the offices, stores, or plants of the owner, but is placed throughout the county.
(b) Example: For a business leasing copying machines or other freestanding equipment, the location where the leased equipment is located does not constitute a site where the owner transacts business. If it is not a site where one or more of the activities stated in paragraph (a) occur, for purposes of the tangible personal property exemption, it is not considered a site where the owner transacts business."
Accordingly, I am of the opinion that pursuant to section 196.183(1), Florida Statutes, the owner of tangible personal property is required to file a return for each site in the county where the owner of such property transacts business and that such owner is entitled to an exemption from ad valorem taxation of up to $25,000 of assessed value of the tangible personal property for each return filed. However, a single return must be filed, and therefore a single exemption granted, for all freestanding equipment not located at the place where the owner transacts business.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] See s. 8, Ch. 07-339, Laws of Fla. And see s. 15, Ch. 07-339, providing in part that "sections 3 through 14 of this act shall take effect only upon the effective date of a revision of the State Constitution contained in Senate Joint Resolution 2-D . . .; sections 3 through 9 of this act shall apply retroactively to the 2008 tax roll . . . if the revision of the State Constitution contained in Senate Joint Resolution 2-D . . . is approved in a special election held on January 29, 2008 . . ." During the January 29, 2008 special election, the electorate passed Senate Joint Resolution 2-D which, among other things, created s. 3(f), Art. VII, Fla. Const., to provide:
"By general law and subject to conditions specified therein, twenty-five thousand dollars of the assessed value of property subject to tangible personal property tax shall be exempt from ad valorem taxation."
[2] See Black's Law Dictionary Each p. 597 (4th rev. ed. 1968) ("A distributive adjective pronoun, which denotes or refers to every one of the persons or things mentioned; every one of two or more persons or things, composing the whole, separately considered."); Webster's Third New International Dictionary Each p. 713 (unabridged ed. 1981) (each one, apiece). And see Sieniarecki v. State, 756 So. 2d 68 (Fla. 2000) (in absence of a statutory definition, words of common usage are construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary).
[3] See, e.g., Carson v. Miller, 370 So. 2d 10 (Fla. 1979) (unambiguous statutory language must be accorded its plain meaning);Continental Assurance Co. v. Carroll, 485 So. 2d 406 (Fla. 1986) (if a statute is unambiguous, the statute is accorded a plain and obvious meaning).
[4] Section 1, Ch. 07-339, Laws of Fla. Subsections 1(2) and (3) of Ch. 07-339, provide:
"(2) In anticipation of implementing this act, the executive director of the Department of Revenue is authorized, and all conditions are deemed met, to adopt emergency rules under ss. 120.536(1) and 120.54(4), Florida Statutes, for the purpose of making necessary changes and preparations so that forms, methods, and data records, electronic or otherwise, are ready and in place if sections 3 through 9 and sections 10, 12, and 14 or sections 11, 13, and 14 of this act become law.
(3) Notwithstanding any other provision of law, such emergency rules shall remain in effect for 18 months after the date of adoption and may be renewed during the pendency of procedures to adopt rules addressing the subject of the emergency rules."
The emergency rule implementing Ch. 07-339, Laws of Fla., was adopted February 12, 2008.