PER CURIAM.
Gilmore appeals an order denying his petition for writ of mandamus to require the Civil Service Board of Santa Rosa County, Florida (Board) to conduct a runoff election for one of the seats on the Board. We reverse.
Gilmore contends that Chapter 79-561, Laws of Florida, the special act establishing the Board, requires that Board members be elected by a majority of the votes cast and that where no candidate for election to the Board receives a majority of the votes, a run-off election is required between the two candidates receiving the largest number of votes.
Gilmore, who was formerly a member of the Board, ran for reelection in May of 1987. Four others ran for the same post. Of 219 votes cast in the election 74 were for a Mr. Whitfield, 73 were for Gilmore and the remaining 72 votes were distributed among the three other candidates. Although the record does not specifically so reflect, it is apparent that upon receiving certification of the vote from the Board of County Canvassers, the Board declared Whitfield the winner and seated him as a member of the Board. Gilmore objected and asked the Board to call a run-off election, asserting that pursuant to Chapter 79-561, election to the Board must be by a majority of the votes cast and not merely by a plurality. When the Board declined to hold a run-off election Gilmore filed a petition for writ of mandamus seeking an order directing the Board to conduct such an election. Incorporated by reference in Gilmore’s petition was § 4(4) of Chapter 79-561, which provides, in part:
The Supervisor of Elections of Santa Rosa County shall be responsible for conducting the elections for the employee members of the Civil Service Board. The election of said employee members shall be by vote of the employees of the respective departments as outlined in this section.... The names of all persons *1272 nominated by the classified employees shall be printed upon a ballot. The classified employees shall be permitted to vote in the election by a secret ballot. The election shall be by a majority of the votes cast. (Emphasis added.)
The special act creating the Board clearly and specifically requires that “[t]he election shall be by a majority of the votes cast.” The language is not ambiguous, and plain and ordinary language should be accorded its plain, ordinary meaning. The clear, plain and unequivocal language of Chapter 79-561 requires that the supervisor of elections conduct the election of employee members of the Board and further specifically provides that such election shall be by a majority of the votes cast. The term “majority” means any number larger than one-half of the total. It does not mean a “plurality” of the votes. The election at issue was not a general or special election as defined in our constitution and statutes, as contended by the Board. Accordingly, the election of members of the Board should have been conducted as expressly directed by Chapter 79-561, and the court erred in refusing to order a run-off.
Reversed and remanded for further proceedings consistent with this opinion.
THOMPSON, NIMMONS and BARFIELD, JJ., concur.