Honorable David E. "Spike" McDonald Supervisor of Elections Santa Rosa County
QUESTIONS: 1. What are the administrative duties and responsibilities of the Supervisor of Elections of Santa Rosa County in conducting civil service board member elections pursuant to s. (4), Ch. 79-561, Laws of Florida? 2. Are expenses of any such election the responsibility of the supervisor of elections or the Santa Rosa County Civil Service Board? 3. If the expenses of a civil service board member election are the responsibility of the civil service board must the supervisor of elections obtain their approval before incurring financial obligations for election-related expenses?
SUMMARY: 1. The administrative responsibility of the supervisor of elections in conducting elections pursuant to s. 4(4), Ch. 79-561, Laws of Florida, is set forth therein, i.e., to receive nominations of candidates; to print ballots or have them printed; to insure a secret ballot; and to determine the results of the election. 2. The expenses of a civil service election conducted under s. 4(4), Ch. 79-561, Laws of Florida, are expenses incurred in enforcement of the act which should be included in the boards' budget, funds for which are appropriated equally by the County Commission of Santa Rosa County and the School Board of Santa Rosa County. 3. No provision of Ch. 79-561, Laws of Florida, as amended, requires that the supervisor of elections obtain the civil service boards' approval prior to incurring financial obligations for election-related expenses; however, other local legislation may apply.
AS TO QUESTION 1: As Supervisor of Elections for Santa Rosa County you are charged with conducting the elections for employee members of the Santa Rosa County Civil Service Board. Section 4(4), Ch. 79-561, Laws of Florida, provides that:
 The Supervisor of Elections of Santa Rosa County shall be responsible for conducting the elections for the employee members of the Civil Service Board. The election of said employee members shall be by vote of the employees of the respective departments as outlined in this section, and nominations of candidates for said positions shall be submitted in writing and signed by fifteen members of the classified service employed within the departments holding the election, and filed with the Supervisor of Elections at least ten days prior to the date on which elections shall be held. The names of all persons nominated by the classified employees shall be printed upon a ballot. The classified employees shall be permitted to vote in the election by a secret ballot. The election shall be by a majority of the votes cast.
The First District Court of Appeal has examined Ch. 79-561, Laws of Florida, and has determined that elections under s. 4(4), are not general or special elections within the scope of the Florida Statutes or the Florida Constitution. Accordingly, the court concluded that elections of members of the board must be conducted as expressly directed by Ch. 79-561, Laws of Florida.[1]
Thus, in response to your first question, the authority of the Supervisor of Elections of Santa Rosa County to conduct elections for the employee members of the Civil Service Board must be found within Ch. 79-561, Laws of Florida, as amended.[2] The special act requires the supervisor of elections: (1) to accept nominations of candidates; (2) to print or have printed ballots with the names of all persons so nominated; (3) to conduct an election by secret ballot; and (4) to determine the winner of the election based on which candidate receives a majority of the votes cast.[3]
I would note that s. 5(1), Ch. 79-561, Laws of Florida, states that "[a]ll rules, ordinances, policies, and regulations or resolutions in effect on the effective date of this act which are not in conflict with this act shall continue in effect until changed by action of the Civil Service Board."
Thus, there may be other applicable regulations which may further delineate the duties and responsibilities of the supervisor of elections. You may wish to consult the attorney for the civil service board in this regard as he or she would be aware of any additional local regulations.[4]
AS TO QUESTION 2:
While s. 4(4) of the special act does not indicate who must bear the expenses of an election of board members, s. 6, Ch. 79-561, Laws of Florida, requires the Board of County Commissioners of Santa Rosa County and the School Board of Santa Rosa County "to appropriate and fund equally between them a sufficient sum of money for the operations of the Civil Service Board and for the enforcement of this act."
The civil service board is required to submit an annual budget to the board of county commissioners and to the school board. Each entity must include one-half of the budget amount in their respective budgets.[5]
As elections are required by the act and their conduct is prescribed therein, it would appear that operations of the board and enforcement of the act would include elections activities.[6]
Thus, funds should be budgeted for the election of employee members and should come equally from the Board of County Commissioners of Santa Rosa County and the School Board of Santa Rosa County.
AS TO QUESTION 3:
No provision of Ch. 79-561, Laws of Florida, as amended, requires the supervisor of elections to obtain the approval of the civil service board prior to incurring financial obligations for election-related expenses. This office cannot supply additional words to or modify the meaning of duly enacted legislation.[7]
However, as is discussed herein, local rules, ordinances, policies, and regulations or resolutions may apply to the expenditure of funds for civil service elections and this local legislation would also apply to any such activities.
[1] See, Gilmore v. Civil Service Board of Santa Rosa County, 528 So.2d 1271, 1272 (1 D.C.A. Fla., 1988).
[2] Chapter 79-561, Laws of Florida, was amended by Chs. 81-487 and 84-525, Laws of Florida.
[3] See, Gilmore v. Civil Service Board, supra, for a discussion of the majority vote requirement in s. 4(4), Ch. 79-561, Laws of Florida.
[4] Section 7, Ch. 79-561, Laws of Florida, authorizes the civil service board to employ an attorney and consult him with respect to all legal matters of policy and procedure. The attorney for the board is to be independent of the county and its departments.
[5] Section 6, Ch. 79-561, Laws of Florida.
[6] Compare, AGO 79-101 in which this office concluded that, in light of the provisions in the special act creating the Mat'lacha and Pine Island Fire Control District which impose on the board of county commissioners the duty to initiate and conduct elections for the governing board of the district, the county is responsible for expenses incurred in holding such an election.
[7] Cf., Chaffee v. Miami Transfer Company, Inc.,288 So.2d 209 (Fla. 1974); AGO's 87-43, 86-32 and 82-20.