Mr. William G. O'Neill Williston City Attorney Post Office Drawer 908 Williston, Florida 32696
Dear Mr. O'Neill:
You ask substantially the following question:
If a city council member is president of the city council at the time of his retirement, is such council member, who is entitled to the voluntary retirement benefits provided by section 112.048, Florida Statutes, entitled to one-half the monthly salary of a council member or one-half the salary of the president of the city council?
In sum:
Since section 112.048, Florida Statutes, provides for a retirement benefit based upon the annual or monthly salary of the elected officer at the time of resignation or retirement, the city council member who is president of the city council at the time of his retirement is entitled to one-half the monthly salary of the president of the city council.
You state that the City of Williston does not have a pension plan, contributory or noncontributory, for the elected members of the city council. The city council member in question was, at the time of retirement, serving as president of the city council. You have advised this office that the city charter and ordinances provide for a salary of $200 per month for each elected council member; however, the president of the city council, who is selected by the members of the city council on an annual basis, is entitled a salary of $250 per month. The question has been raised as to whether the city council member who was president at the time of his retirement is entitled to $100 per month or $125 per month.
Section 112.048, Florida Statutes, provides that it is the intent of the Legislature to direct each city or town to provide either a contributory or a noncontributory system of retirement for its elected officials.[1] Subsection (2)(a) of the statute provides:
From and after June 3, 1939, whenever any elective officer of any city or town of this state has held any elective office of such city or town for a period of 20 years or more consecutively, or for a period of 20 years or more consecutively, except for one period not exceeding 6 months, such elective officer may voluntarily resign or retire from such elective office with the right to be paid on the officer's own requisition by such city or town for the remainder of his or her natural life a sum equal to one-half of the full amount of the annual or monthly salary that such city or town was authorized by law to pay said elective officer at the time of resignation or retirement; and such city or town shall appropriate and provide in its annual budget sufficient moneys to meet the requirements of this section when no other plan is available for elected local officials. . . .[2] (e.s.)
Thus, section 112.048 provides for voluntary retirement with half pay for certain elective municipal officers and the appropriation of municipal funds for such retirement when no other plan is available for elected local officials.[3]
Section 112.048(2)(a), Florida Statutes, clearly states that the retirement pay authorized therein shall be a sum equal to one-half of the full amount of annual or monthly salary that such city was authorized to pay the elected officer at the time of the officer's resignation or retirement. It is a fundamental rule of statutory construction that where the language of a statute is unambiguous, the clearly expressed intent must be given effect and there is no room for construction.[4]
Accordingly, I am of the opinion that inasmuch as section 112.048, Florida Statutes, provides for a retirement benefit based upon the annual or monthly salary of the elected officer at the time of resignation or retirement, the city council member who was president of the city council when he retired is entitled to one-half the monthly salary of the president of the city council under that section.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 112.048(1), Fla. Stat. (1995). The city, however, may determine whether such system will be contributory or noncontributory.
[2] Prior to 1971, cities and towns under the former statute (numbered as s. 165.71) had been required to provide noncontributory pension funds for their elected officials who served twenty or more consecutive years in an elected office. As amended in 1973 and transferred to s. 121.20, cities were required to budget funds and pay noncontributory pension benefits to elected city officials with twenty years of elective service only "where no other plan is available to elected local officials." See, e.g., Op. Att'y Gen. Fla. 74-185 (1974).
[3] Cf., s. 121.051(2)(b)1., Fla. Stat. (1993) (city or special district may elect to participate in the Florida Retirement System).
[4] See, e.g., Fine v. Moran, 77 So. 533, 536 (Fla. 1917); Carson v. Miller, 370 So.2d 10 (Fla. 1979) (plain language of a statute must be read to mean what it says); Gilmore v. Civil Service Board of Santa Rosa County, 528 So.2d 1271, 1272 (Fla. 1st DCA 1988) (plain and ordinary language should be accorded its plain, ordinary meaning).