Mr. Fred O. Dickinson, III Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Dickinson:
You ask substantially the following question:
Is a law enforcement agency authorized under section 322.34(5)(e), Florida Statutes, to release without a court order a vehicle impounded by the agency pursuant to subsection (5)(b) of the statute to the owner upon proof of insurance or, if the owner presents proof of sale of the vehicle, upon proof of insurance by the buyer of the vehicle?
In sum:
A law enforcement agency that impounds a motor vehicle under section 322.34(5), Florida Statutes, is authorized under subsection (e) of the statute to release the impounded vehicle, without a court order, to the owner of the vehicle upon proof of insurance or, if the owner presents proof of sale of the vehicle, upon proof of insurance by the buyer of the vehicle.
Section 1 of Chapter 95-202, Laws of Florida, added subsection (5) to section 322.34, Florida Statutes. As amended, the statute authorizes the immediate impounding or immobilization of a motor vehicle if the driver has been arrested for the offense of driving while his or her driver's license is suspended or revoked and the arresting officer determines that all of the following criteria have been met:
1. The person's driver's license is suspended or revoked. 2. The person's driver's license has remained suspended or revoked since a conviction for the offense of driving with a suspended or revoked license. 3. The suspension or revocation was made under s.316.646 or s. 627.733, relating to failure to maintain required security, or under s. 322.264, relating to habitual traffic offenders. 4. The driver is the registered owner or coowner of the vehicle.[1]
The arresting agency or towing service, whichever is in possession of the vehicle, must, within 7 business days after the date the vehicle is impounded or immobilized, send notice by certified mail, return receipt requested, to any coregistered owners of the vehicle other than the person arrested and to each person of record claiming a lien against the vehicle. The costs of impoundment or immobilization, including the cost of notification, must be paid by the owner of the vehicle, or if the vehicle is leased, by the person leasing the vehicle.[2]
Section 322.34(5)(d), Florida Statutes, requires that the arresting agency or the towing service, whichever is in possession of the vehicle, determine whether the impounded or immobilized vehicle has been leased or if there are any lienholders of record. If so, the agency or service is required to notify by telephone any lessor or lienholder before 5 p.m. on the business day after the day the vehicle has been impounded or immobilized. The lessor or lienholder may then obtain the vehicle upon payment of any lawful towing or storage charges. If timely notice is not provided, the storage facility is responsible for payment of any towing or storage charges necessary to release the vehicle to a lessor or lienholder that accrue after the notice period. Such charges may then be assessed against the driver of the vehicle if the vehicle was lawfully impounded or immobilized. Pursuant to section 322.34(5)(f), Florida Statutes, the owner of an impounded or immobilized vehicle may, within 10 days after he or she has knowledge of the vehicle's location, file a complaint in the county where he or she resides to determine whether the vehicle was wrongfully taken or withheld.[3]
Subsection (5)(e) of the statute provides:
Except as provided in paragraph (d), the vehicle shall remain impounded or immobilized for any period imposed by the court until: 1. The owner presents proof of insurance to the rresting agency; or 2. The owner presents proof of sale of the vehicle to the arresting agency and the buyer presents proof of insurance to the arresting agency. If proof is not presented within 35 days after the impoundment or immobilization, a lien shall be placed upon such vehicle pursuant to s. 713.78.[4]
A plain reading of the statute indicates that a vehicle impounded or immobilized under section 322.34(5), Florida Statutes, remains impounded for the period imposed by the court unless one of three different scenarios occurs: 1) the lessor or lienholder obtains the vehicle pursuant to section 322.34(5)(d); 2) the owner presents proof of insurance to the arresting agency; or 3) the owner presents proof that the vehicle has been sold and the buyer presents proof of insurance to the arresting agency.[5] The statute does not appear to require a court order to release the motor vehicle provided one of the above three criteria is met; rather the reference to the court order appears to recognize that a court may order the motor vehicle to be held by the arresting agency or towing company for a specified period of time if none of the criteria has been met.
Such an interpretation is supported by an examination of the legislative history surrounding the enactment of Chapter 95-202, Laws of Florida.[6] The staff analysis for Committee Substitute for Senate Bill 232, passed as Chapter 95-202, provides in part:
If the vehicle is impounded or immobilized, the owner can recover the vehicle upon presentation of proof of insurance to the arresting law enforcement agency, or the owner may sell the vehicle, present proof of sale and the buyer can have the vehicle released upon showing proof of insurance to the arresting agency.[7]
In light of the above, I am of the opinion that a law enforcement agency that impounds a motor vehicle under section 322.34(5), Florida Statutes, is authorized under subsection (e) of the statute to release the impounded vehicle, without a court order, to the owner of the vehicle upon proof of insurance, or if the owner presents proof of sale of the vehicle, upon proof of insurance by the buyer of the vehicle.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Sections 322.34(5)(a) and (b), Fla. Stat., as amended by s. 1, Ch. 95-202, Laws of Florida.
[2] Section 322.34(5)(c), Fla. Stat., as amended.
[3] The owner may have the vehicle released by posting with the court a bond or other adequate security equal to the amount of the costs and fees for impoundment or immobilization, including towing or storage, to ensure payment of such costs if the owner does not prevail. Once the bond is posted and the fee prescribed in section28.24 paid, the clerk shall issue a certificate releasing the vehicle.
[4] Section 713.78, Fla. Stat., establishes liens for recovering, towing, or storing vehicles.
[5] See generally, Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958) (words of common usage, when used in a statute, should be construed in their plain and ordinary sense); Gilmore v. Civil Service Board of Santa Rosa County, 528 So.2d 1271, 1272 (Fla. 1st DCA 1988) (plain and ordinary language should be accorded its plain, ordinary meaning).
[6] See, Ellsworth v. Insurance Company of North America,508 So.2d 395 (Fla. 1st DCA 1987) (appellate courts may consider legislative staff summaries in construing statutes).
[7] See, Senate Staff Analysis and Economic Statement on SB 232, dated March 16, 1995. The staff analysis later states, in discussing the economic impact and fiscal implications, that "[a] person whose vehicle is impounded for a violation of this bill will have to show proof of insurance, or present proof of sale of the vehicle to an insured buyer before the vehicle may be released."