Mr. Scott L. Knox Merritt Island Redevelopment Agency Attorney 2725 St. Johns Street Melbourne, Florida 32940
Dear Mr. Knox:
You ask substantially the following question:
Does section 163.367, Florida Statutes, prohibit a commissioner of a redevelopment agency from working as a county employee?
In sum:
Section 163.367, Florida Statutes, does not prohibit a community redevelopment agency commissioner from being employed by a county or municipality.
According to your letter, one of the commissioners of the community redevelopment agency created by the Brevard County Board of County Commissioners is employed as an administrative assistant by one of the county commissioners. You refer to the position as an employment and state that the assistant has no statutorily or legislatively prescribed duties. A question has arisen, however, as to whether section 163.367(3), Florida Statutes, prohibits the commissioner from also working as a county employee.
Part III, Chapter 163, Florida Statutes, the Community Redevelopment Act of 1969,[1] was enacted to enable counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for the redevelopment of slums and blighted areas.[2] A municipality or county, upon a finding of necessity and the need for an agency to function within the municipality or county to carry out the purposes set forth in the act, may create a body corporate and politic to be known as a "community redevelopment agency."[3] When the governing body of the municipality or county has adopted a resolution declaring the need for a community redevelopment agency, the governing body shall, by ordinance, appoint a board of commissioners as the governing body. The board shall consist of not fewer than five nor more than seven commissioners.[4] Section 163.367(3), Florida Statutes, provides:
No commissioner or other officer of any community redevelopment agency, board, or commission exercising powers pursuant to this part shall hold any other public office under the county or municipality other than his or her commissionership or office with respect to such community redevelopment agency, board, or commission.[5]
Thus, the above statute prohibits a commissioner from simultaneously holding another office under the county or municipality. Although the term "public office" is not defined within the statute, section 163.340(20), Florida Statutes, defines the term "Public officer" for purposes of Part III, Chapter 163, Florida Statutes, to mean "any officer who is in charge of any department or branch of the government of the county or municipality relating to health, fire, building regulations, or other activities concerning dwellings in the county or municipality." The individual in question in the instant inquiry does not appear to be in charge of any branch or department of the county but rather, according to your letter, has no statutorily or legislatively prescribed duties.
The Supreme Court of Florida, has recognized a distinction between public officers and public employees, stating:
The term "office" implies a delegation of a portion of the sovereign power to, and the possession of it by, the person filling the office, while an "employment" does not comprehend a delegation of any part of the sovereign authority. The term "office" embraces the idea of tenure, duration, and duties in exercising some portion of the sovereign power, conferred or defined by law and not by contract. An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office. . . .[6]
This office has also recognized a distinction between the terms "office" and "employment" for purposes of Article II, section5(a), Florida Constitution, which prohibits a state, county, or municipal officer from simultaneously serving in another state, county or municipal office.[7] While the above constitutional prohibition applies to various state and local offices, those persons who are not vested with official powers in their own right but rather merely exercise certain powers as agents of governmental officers are not "officers" but are "employees" and thus not subject to the prohibitions contained in Article II, section 5(a).[8]
It is a fundamental rule of statutory construction that words of common usage, when used in a statute, should be construed in their plain and ordinary sense.[9] Had the Legislature wished to extend the prohibitions to employees, it easily could have done so. The Legislature must be assumed to know the meaning of words and to have expressed its intent by use of the words in the statute.[10]
Accordingly, I am of the opinion that section 163.367, Florida Statutes, does not prohibit the commissioner from being employed by a county or municipality.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 163.330, Fla. Stat. (1995).
[2] See, s. 163.355(1), Fla. Stat. (1995).
[3] Section 163.356(1), Fla. Stat. (1995). And see, s. 163.355, Fla. Stat. (1995), setting forth the requirements for the finding of necessity.
[4] Section 163.356(2), Fla. Stat.(1995).
[5] Section 163.367(1), Fla. Stat. (1995), provides that the officers, commissioners, and employees of a community redevelopment agency are subject to Part III, Ch. 112, Fla. Stat. (1995), the Code of Ethics for Public Officers and Employees. Any question regarding the applicability of Part III, Ch. 112, however, should be directed to the Florida Commission on Ethics. See, s. 112.322, Fla. Stat. (1995), which authorizes the commission to receive and investigate complaints regarding violations of the code and to issue opinions regarding the applicability of the code.
[6] State ex rel. Holloway v. Sheats, 83 So. 508, 509 (Fla. 1919). And see, State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[7] See, Art. II, s. 5(a), Fla. Const., which states:
No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers.
[8] This office has, for example, concluded that following positions constituted "offices" for purposes of Art. II, s. 5(a), Fla. Const.: Op. Att'y Gen. Fla. 69-2 (1969) (chief of police), Ops. Att'y Gen. Fla. 84-25 (1984) and 85-21 (1985) (board of adjustment member), Op. Att'y Gen. Fla. 81-61 (1981) (code enforcement board member). In contrast, this office has stated that the following positions, based upon their duties, constituted employments rather than offices and thus were not subject to the constitutional dual office holding prohibition: Ops. Att'y Gen. Fla. 71-263 and 71-296 (1971) (assistant state attorney), Op. Att'y Gen. Fla. 73-332 (1973) (county commission attorney), Op. Att'y Gen. Fla. 91-80 (1991) (insurance fraud investigators for the Department of Insurance), and Op. Att'y Gen. Fla. 93-39 (1993) (firefighters).
[9] See generally, Pedersen v. Green, 105 So.2d 1,4 (Fla. 1958); Gilmore v. Civil Service Board of Santa Rosa County,528 So.2d 1271, 1272 (Fla. 1st DCA 1988) (plain and ordinary language should be accorded its plain, ordinary meaning).
[10] Aetna Casualty Surety Company v. Huntington National Bank,609 So.2d 1315 (Fla. 1992); Thayer v. State, 335 So.2d 815 (Fla. 1976); Sheffield v. Davis, 562 So.2d 384 (Fla. 2d DCA 1990).