Mr. G.R. McClelland Largo City Attorney Post Office Box 296 Largo, Florida 34649-0296
Dear Mr. McClelland:
On behalf of the Largo City Commission, you ask substantially the following questions:
1. Does section 112.048, Florida Statutes, require the City of Largo to provide retirement benefits equal to half of a city commissioner's salary when the officer served from August 1974 to April 1979 and from April 1980 to the present date?
2. Assuming the commissioner is re-elected, at what point in time would the commissioner be entitled to receive retirement benefits pursuant to section 112.048, Florida Statutes?
In sum:
1. The city commission is not required under section 112.048, Florida Statutes, to provide retirement benefits to a city commissioner who has not served in an elected office for twenty years or more consecutively with no more than a six month break in service.
2. Since the city does not have a retirement benefit plan for its elected officials, a commissioner is entitled to benefits under section 112.048, Florida Statutes, when he or she has served in an elected office for twenty years consecutively with no more than one break in service of six months or less.
As your questions are interrelated, they will be answered together.
According to your letter, a city commissioner served in his elected capacity from August 1974 until April 1979, when he was an unsuccessful candidate for the office of mayor. The commissioner was re-elected to the city commission in April 1980 and has served continuously in that position since that time. You state that the city has no retirement benefit plan for elected city officials. A question has, therefore, been raised as to whether the commissioner is entitled to retirement benefits under the provisions of section 112.048, Florida Statutes.
Section 112.048, Florida Statutes, provides that it is the intent of the Legislature to direct each city or town to provide either a contributory or a noncontributory system of retirement for its elected officials.[1] Subsection (2)(a) of the statute provides:
From and after June 3, 1939, whenever any elective officer of any city or town of this state has held any elective office of such city or town for a period of 20 years or more consecutively, or for a period of 20 years or more consecutively, except for one period not exceeding 6 months, such elective officer may voluntarily resign or retire from such elective office with the right to be paid on the officer's own requisition by such city or town during the remainder of his or her natural life a sum equal to one-half of the full amount of the annual or monthly salary that such city or town was authorized by law to pay said elective officer at the time of resignation or retirement; and such city or town shall appropriate and provide in its annual budget sufficient moneys to meet the requirements of this section when no other plan is available for elected local officials. . . .
While the statute contains several exceptions, the exceptions are not applicable to the facts of the instant inquiry.[2]
Thus, section 112.048, Florida Statutes, provides for voluntary retirement with half pay for certain elected municipal officers and the appropriation of municipal funds for such purpose when no other plan is available for elected local officials.[3] In order to qualify for such retirement benefits, an elected official must have served twenty years consecutively. While the statute permits one break in service, such break may not exceed six months.
It is a fundamental rule of statutory construction that where the language of a statute is unambiguous, the clearly expressed intent must be given effect.[4] Under the plain and unambiguous terms of section 112.048(2)(a), Florida Statutes, an elected official is not entitled to retirement benefits under that statute if he or she has had a break in service of more than six months during the twenty years of consecutive service.
Although the commissioner in question in the instant inquiry has served twenty years, such service has not been consecutive. Instead, the commissioner during this period had a break of service of one year from April 1979 to April 1980. The commissioner, therefore, does not qualify under the plain language of section 112.048, Florida Statutes, for retirement benefits since his break in service exceeded six months. He has, however, continuously served in an elective office from April 1980; should he continue to serve in such capacity without a break in service exceeding six months, he would be eligible under the statute for retirement benefits in April 2000, provided the city does not establish a retirement system.
Accordingly, I am of the opinion that section 112.048, Florida Statutes, does not require the city to provide retirement benefits since the city commissioner has not served in an elective office for twenty years or more consecutively with no more than a six month break in service. Since the city does not have a retirement benefit plan for its elected officials, a commissioner would be entitled to benefits under section 112.048, Florida Statutes, when he or she has served in an elected office for twenty years consecutively with no more than one break in service of six months or less.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 112.048(1), Fla. Stat. (1995).
[2] See, s. 112.048(2)(a), Fla. Stat. (1995), stating that in cases where an elected officer during any term of office entered or enters and served or serves in the United States Armed Forces during a period in which the United States was engaged in war and is thereafter appointed or elected to the same elective office prior to discharge from such service in the Armed Forces, such time of service in the Armed Forces shall not be construed as a break in consecutive service and shall be counted in determining the number of years of consecutive service. And see, s.112.048(2)(b), Fla. Stat. (1995), stating in part that the statute does not preclude an officer from retiring under the provisions of section 112.048 as it existed prior to October 1, 1973, if the officer had, prior to that date, completed the required 20 years of service.
[3] Cf., s. 121.051(2)(b)1., Fla. Stat. (1995) (city or special district may elect to participate in the Florida Retirement System).
[4] See, e.g., Fine v. Moran, 77 So. 533, 536 (Fla. 1917); Carson v. Miller, 370 So.2d 10 (Fla. 1979) (plain language of a statute must be read to mean what it says); Gilmore v. Civil Service Board of Santa Rosa County, 528 So.2d 1271, 1272 (Fla. 1st DCA 1988) (plain and ordinary language should be accorded its plain, ordinary meaning). And see, Alsop v. Pierce, 19 So.2d 799,805-806 (Fla. 1944); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976) (where the Legislature directs how a thing shall be done is, in effect, a prohibition against its being done in any other way).