Mr. Bruce R. Conroy Cape Coral City Attorney Post Office Box 150027 Cape Coral, Florida 33915-0027
Dear Mr. Conroy:
You ask substantially the following question:
Does section 163.367(3), Florida Statutes, prohibit a member of a community redevelopment agency from holding another office within the city, county, or both?
In sum:
Section 163.367(3), Florida Statutes, prohibits a member of a community redevelopment agency from holding another office with any city or county, regardless of which governing body created the agency.
You state that a newly appointed member of the Cape Coral Community Redevelopment Agency (CRA) also serves on both the Lee County Construction Board of Adjustment and Appeals and the City of Cape Coral Water Resources Advisory Board (CCWRAB). The question arises whether the commissioner's service on the other city board and the county board is prohibited by section163.367(3), Florida Statutes.
Part III, Chapter 163, Florida Statutes, the Community Redevelopment Act of 1969,[1] provides a means for counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for redevelopment of slums and blighted areas.[2] Upon finding a necessity and need for an agency to carry out the purposes set forth in the act, a county or municipality may create a body corporate and politic to be known as a "community redevelopment agency."[3]
The governing body of the county or municipality must first adopt a resolution declaring the need for a community redevelopment agency, then by ordinance appoint a board of commissioners as the governing body. The board shall consist of not fewer than five nor more than seven commissioners.[4] Section 163.367(3), Florida Statutes, provides:
"No commissioner or other officer of any community redevelopment agency, board, or commission exercising powers pursuant to this part shall hold any other public office under the county or municipality other than his or her commissionership or office with respect to such community redevelopment agency, board, or commission." (e.s.)
Thus, there is a statutory prohibition against a commissioner simultaneously holding another office under the county or municipality. While a question has been raised as to whether this prohibition extends only to the public offices in the county or municipality that created the CRA, there is nothing in the statutory language that would support this conclusion.
It is a fundamental rule of statutory interpretation that words of common usage used in a statute should be construed in their plain and ordinary sense.[5] The use of the term "any" before "community redevelopment agency" and before "other public office" indicates an intention to include all offices whether they be within or outside the governing entity that created the CRA.[6]
In Attorney General Opinion 97-4, this office was asked whether a city commissioner was precluded from serving on the city's CRA when the city commission had not designated itself as the governing body of the CRA. Citing to a previous opinion of this office that a municipal governing body lacks the authority to alter the composition of the CRA board of commissioners, it was concluded that the city commission may either designate itself as the CRA board or appoint the board pursuant to section 163.356, Florida Statutes.[7] Absent the commission designating itself and in light of the prohibition in section 163.367(3), Florida Statutes, against a CRA commissioner serving in another public office, the city commissioner could not simultaneously serve on the CRA.
While Attorney General Opinion 97-4 states that section163.367(3), Florida Statutes, "precludes a community redevelopment agency commissioner from holding another office under the county or municipality which created the agency," the issue considered in that opinion was whether a commissioner could also serve in an office within the city creating the CRA. The opinion did not consider and should not be read as commenting on the issue presented here.
The question of whether a CRA commissioner may work as a county employee was addressed in Attorney General Opinion 96-11. Recognizing a distinction between a public office and public employment, this office concluded that section 163.367(3), Florida Statutes, does not preclude a CRA commissioner from being employed by a county or municipality.
For purposes of the Community Redevelopment Act, section163.340(20), Florida Statutes, defines "[p]ublic officer" as "any officer who is in charge of any department or branch of the government of the county or municipality relating to health, fire, building regulations, or other activities concerning dwellings in the county or municipality." The prohibition in section163.367(3), Florida Statutes, however, is broader in precluding a CRA commissioner from holding "any other public office under the county or municipality."
In the context of dual officeholding prohibited under Article II, section 5, Florida Constitution, this office has considered the powers and responsibilities of a position in order to determine whether it is an employment or an office. For example, this office has concluded that membership on a code enforcement board is an office.[8] Further, a member of an architectural review committee,[9] a member of a board of adjustment,[10] and a member of a municipal building board of appeals[11] have all be found to be public officers.
The Lee County Construction Board of Adjustment and Appeals is an appointed body that makes recommendations to the Board of County Commissioners and the Director of Code Enforcement regarding general policies of the county's construction code and enforcement procedures. As previously noted, this office has concluded that a member of a board of adjustment and appeals is an officer for purposes of dual officeholding.[12]
The materials you have provided indicate that the primary function of the City of Cape Coral Water Resources Advisory Board is to advise the Contractors' Regulatory Board on applicants for a water well contractor's license, the quality of workmanship when a complaint is placed against a licensee, or any technical matter on which the Contractors' Regulatory Board may inquire.[13] Water Resources Advisory Board members are appointed by the city council for three-year terms. While the name of the board would suggest that it is advisory in nature, a review of its functions indicates that the board operates in more than an advisory capacity. Considering the official powers of the board to assess the qualifications of applicants for licensure and to assess the quality of workmanship when a complaint has been filed against a licensee, it is my opinion that a member of CCWRAB is not an employee, but rather is a public officer of the city.
Accordingly, it is my opinion that section 163.367(3), Florida Statutes, would prohibit a member of the city's community redevelopment agency board from holding another office on a city board or county board, regardless of which governing body created the agency.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 163.330, Fla. Stat.
[2] Section 163.355(1), Fla. Stat.
[3] Section 163.356(1), Fla. Stat. And see, s. 163.355, Fla. Stat., setting forth the requirements for the finding of necessity.
[4] Section 163.356(2), Fla. Stat.
[5] See, Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958); Gilmorev. Civil Service Board of Santa Rosa County, 528 So.2d 1271, 1272
(Fla. 1st DCA 1988) (plain and ordinary language should be given its plain, ordinary meaning).
[6] See, Webster's Third New International Dictionary (Unabridged, 1981), p. 97, defining "any" to mean "one indifferently out of more than two."
[7] See, Op. Att'y Gen. Fla. 84-74 (1984). See also, Op. Att'y Gen. 98-16 (1998) (when city commission is serving as ex officio governing body of the CRA, the city commission cannot remove one of its members only from the CRA, nor may the member resign while retaining the city commission seat). And see, First National Bankof Key West v. Filer, 145 So. 204 (Fla. 1933); Alsop v. Pierce,19 So.2d 799, 805-806 (Fla. 1944); Thayer v. State, 335 So.2d 815,817 (Fla. 1976) (direction as to how a thing should be done is in effect a prohibition against its being done in another manner).
[8] Attorney General Opinion 81-61 (1981). Article II, section5(a), Florida Constitution, provides in part:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
[9] Attorney General Opinion 80-97 (1980).
[10] Attorney General Opinions 84-25 (1984) and 85-21 (1985).
[11] Attorney General Opinion 86-105 (1986).
[12] See, n. 10, supra.
[13] Section 20-3, City of Cape Coral Code of Ordinances.