Mr. David C. Holloman Arcadia City Attorney Post Office Drawer 592 Arcadia, Florida 34265-0592
Dear Mr. Holloman:
On behalf of the City Council of the City of Arcadia, you have requested my opinion on the following questions:
1. Is the City of Arcadia authorized to pay, pursuant to the provisions of section 112.048, Florida Statutes, retirement benefits to a former city council member who served in that capacity for twenty-two years and then was defeated for an additional term of office?
2. If the answer to Question One is yes, is the City of Arcadia authorized to pay the former city council member benefits retroactively to the last date of his service on the city council?
According to your letter, a citizen was elected in 1971 to the City Council of the City of Arcadia and began serving in that capacity in October 1971. He served continuously on the city council until September 30, 1993. The council member left office in 1993 after running for reelection and losing that election. On November 4, 2003, this former council member applied for retirement benefits under section 112.048, Florida Statutes. You state that he was not aware of this statute until his date of application. He has requested that retirement benefits be paid to him retroactively from the date of his last service, September 30, 1993, up to the present. The City of Arcadia does not have any other retirement plan for its elected officials.
For the reasons discussed herein, it is my opinion that the City of Arcadia is authorized by section 112.048(2)(a), Florida Statutes, to pay a former city council member the retirement benefit described therein prospectively from the date of his requisition for such payments, but may not pay such benefits retroactively to the date of the council member's last service on the city council unless those dates coincide.
Question One
Section 112.048, Florida Statutes, was originally enacted in 1939 as:
"An ACT Providing for the Voluntary Resignation and Retirement of Elective Officers of Cities and Villages Under Certain Conditions with Pay."[1]
Similarly, the current version of the statute contains an expression of legislative intent:
"(1) The intent of the Legislature is to authorize and direct each city and town to provide a system of retirement for elected officials, but it is further the intent that each city or town may determine whether the system will be contributory or noncontributory."[2]
The statutory language has continued virtually unchanged since its original enactment. As currently codified, section112.048(2)(a), Florida Statutes, provides:
"From and after June 3, 1939, whenever any elective officer of any city or town of this state has held any elective office of such city or town for a period of 20 years or more consecutively, or for a period of 20 years or more consecutively, except for one period not exceeding 6 months, such elective officer may voluntarily resign or retire from such elective office with the right to be paid on the officer's own requisition by such city or town during the remainder of his or her natural life a sum equal to one-half of the full amount of the annual or monthly salary that such city or town was authorized by law to pay said elective officer at the time of resignation or retirement; and such city and town shall appropriate and provide in its annual budget sufficient moneys to meet the requirements of this section when no other plan is available for elected local officials. . . ."
The statute makes it clear that a municipality may establish its own contributory retirement system for these elected officials by ordinance and may develop its own rules for participation, the amount of an official's contributions, and the method of appropriation and payment by the municipality.[3]
This legislation recognizes that municipalities may not have established a retirement system for their elected officers and makes provision for the recognition of and reward for the long and continuous service of elected municipal officers in those situations. Pension ordinances are generally to be liberally construed and the courts should place a construction on such legislation that will avoid an inequitable result.[4]
Section 112.048(2)(a), Florida Statutes, relates to elected municipal officers who "voluntarily resign or retire[.]" According to your letter, the council member involved in this request left office after being defeated for another term of office. Since he did not "voluntarily resign," a determination must be made whether this municipal council member "retired" for purposes of the statute.
Nothing in section 112.048, Florida Statutes, or elsewhere in this chapter provides a definition for the word "retire" as it is used in the statute. In the absence of any statutory definition, words of common usage should be construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of a word can be ascertained by reference to a dictionary.[5]
The word "retire" is variously defined as: "to withdraw from office, public station, business, occupation, or active duty[;]"[6] "to withdraw from active service as an officer . . .; to separate, withdraw, or remove[;]"[7] "[t]o withdraw from business or public life[;] or "[t]o remove from active service[.]"[8] Thus, in the absence of any particular statutory requirements for retirement for purposes of section 112.048(2), Florida Statutes, or a definition of the term "retire" as used in this statute, any separation or withdrawal from public service of an elected municipal officer would appear to qualify that officer for consideration under the statute as would the voluntary resignation of such an officer.
In sum, it is my opinion that section 112.048(2)(a), Florida Statutes, authorizes the City of Arcadia to pay to a former elected city council member a retirement benefit of one-half of the full amount of the annual or monthly salary that the city was authorized by law to pay that official on September 30, 1993, which was the date of his retirement from municipal service after completing at least 20 consecutive years of service.
Question Two
In light of my answer to Question One, you have also asked whether the city is authorized to pay retirement benefits pursuant to section 112.048(2)(a), Florida Statutes, to this city council member retroactively to the last date of his service on the city council. This former council member left service in September 1993, but only recently became aware of the provisions of section 112.048, Florida Statutes.
Section 112.048(2)(a), Florida Statutes, specifically provides that the "elective officer may voluntarily resign or retire from such elective office with the right to be paid on the officer'sown requisition by such city . . . ." Thus, it appears that the statute contemplates a prospective payment for the remainder of the officer's natural life commencing on the date the officer first requests such payment.
While not directly on point, this office has issued an opinion in a similar situation that may be illustrative. In Attorney General Opinion 82-28 (1982), a district school board requested assistance in determining whether it was authorized to pay a vocational teacher retroactively for prior vocational work-related experience. At the time the teacher was first employed, the school district did not consider prior work experience with other employers in determining an employee's salary. However, the school district subsequently implemented a policy that permitted past work experience to be credited for salary purposes for vocational or technical teachers. The policy imposed the responsibility for establishing proof of past work experience on the teacher in order to receive credit for salary purposes. Some years after this teacher's initial employment, she became aware of the policy of credit for past vocational work-related experience and she requested that she be credited retroactively so that her salary could be adjusted accordingly. The opinion noted that under the school board policy, it was the responsibility of the teacher, not the board, to establish proof of his or her past work experience in order to receive credit for salary purposes. The opinion concluded that the teacher failed to comply with the requirements of the school board policy until a later date and was not entitled under the school board's policy and the terms of the collective bargaining agreement to receive retroactive payment for her past experience.
Similarly, in the instant situation, the statute places the responsibility to request payment of retirement benefits under section 112.048(2)(a), Florida Statutes, on the former elected municipal officer. Following such a request, the city is required to appropriate and budget sufficient moneys to meet the requirements of the statute if no other retirement plan is available. Nothing in the statute makes payments automatic upon voluntary resignation or retirement from service. The language of the statute makes the right to payment contingent upon the officer's requisition.[9]
Therefore, it is my opinion that the City of Arcadia is authorized by section 112.048(2)(a), Florida Statutes, to pay a former city council member the retirement benefit described therein prospectively from the date of his requisition for such payments, but may not pay such benefits retroactively to the date of the council member's last service on the city council unless those dates coincide.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See Title, Chapter 19247, Laws of Florida 1939.
[2] Section 112.048(1), Fla. Stat.
[3] Section 112.048(3), Fla. Stat.
[4] See City of Hialeah v. Willey, 189 So.2d 194, 195 (Fla. 3d DCA 1966).
[5] Sieniarecki v. State, 756 So.2d 68 (Fla. 2000); Rollins v.Pizzarelli, 761 So.2d 294 (Fla. 2000).
[6] Webster's Third New International Dictionary of the English Language, (unabridged ed. 1981) p. 1939.
[7] Black's Law Dictionary 1479 (rev. 4th ed.).
[8] American Heritage Dictionary 588 (office edition).
[9] The plain language of a statute must be read to mean what it says. See Carson v. Miller, 370 So.2d 10 (Fla. 1979); Phil'sYellow Taxi Co. v. Carter, 134 So.2d 230 (Fla. 1961); Gilmore v.Civil Service Board of Santa Rosa County, 528 So.2d 1271 (Fla. 1st DCA 1988).